**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SANTOS JUVENTINO CAHUEC CORTEZ,**

**Petitioner,**

**v.**

**Civil No. 2:26cv482**

**TODD BLANCHE, et al.,**

**Respondents.**

## MEMORANDUM ORDER

Before the Court is Petitioner Santos Juventino Cahuec Cortez's "Emergency Motion to Enforce Habeas Order." ECF No. 11. For the reasons explained below, Petitioner's motion is **DISMISSED in part** and **DENIED in part**.

### A. Background

On May 27, 2026, the Court granted Petitioner's 28 U.S.C. § 2241 habeas petition in part and ordered Respondents "to provide Petitioner with a standard [8 U.S.C.] § 1226(a) bond hearing before an Immigration Judge." ECF No. 8, at 5. On June 10, 2026, Petitioner was afforded such a hearing, at which he "was denied bond as a flight risk." ECF No. 10, at 1. However, according to Petitioner, "[b]ecause the Immigration Judge failed to conduct [an] individualized inquiry," that hearing did not comply with either the Due Process Clause of the Fifth Amendment or this Court's prior Order. ECF No. 11, at 7. Petitioner therefore requests "immediate release" or "a new constitutionally compliant

bond hearing before a different Immigration Judge." Id. Federal Respondents oppose such relief. ECF No. 13.[1]

As explained in this Court's prior Memorandum Order, Petitioner is presently detained pursuant to 8 U.S.C. § 1226(a), under which his detention is discretionary rather than mandatory. ECF No. 8, at 3-5. When the Government "detain[s] an alien during removal proceedings" pursuant to § 1226(a), the alien has "three opportunities to seek release" by proving to (1) an immigration officer, (2) an immigration judge ("IJ"), or (3) the Board of Immigration Appeals ("BIA") "that he or she is not a danger to the community or a flight risk." Miranda v. Garland, 34 F.4th 338, 346 (4th Cir. 2022); see Ramos v. Perry, No. 1:26cv917, 2026 WL 1747870, at *1-2 (E.D. Va. June 17, 2026) (recounting these three opportunities in greater detail).

These "procedures," when applied to "individuals already in the country unlawfully," have been deemed sufficient to comply with the Fifth Amendment's Due Process Clause. Miranda, 34 F.4th at 359-61, 365 (noting that aliens challenging their detention pending removal proceedings may be "due less process . . . than an ordinary citizen would have"). Even so, in this particular case, "Petitioner asks this Court to determine whether the hearing" before an IJ "complied with the Due Process Clause of the Fifth

---

[1] Petitioner also raised his claims in a new habeas petition filed under case number 2:26cv768, which the Court will address with a separate order.

Amendment and with this Court's May 27, 2026 Order." ECF No. 11, at 2.

**B. Analysis**

In considering Petitioner's request, the Court's jurisdiction is not unlimited. Respondents invoke a statute providing that

> [t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). By this provision, "Congress sought to forbid review of . . . actions and decisions in individual proceedings." Miranda, 34 F.4th at 353. However, § 1226(e) "does not bar" review of a constitutional claim challenging "the procedures adopted . . . for all detention decisions under § 1226(a)," such as a claim that "an immigration judge must" — or, it follows, must not — "consider certain factors." Id.; see also Jennings v. Rodriguez, 583 U.S. 281, 295 (2018) (explaining that § 1226(e) "does not preclude challenges to the statutory framework that permits the alien's detention without bail" (citation modified)). This Court may therefore consider a "constitutional challenge" to the extent it is of a "categorical, across-the-board nature," notwithstanding § 1226(e). Miranda, 34 F.4th at 352. Petitioner does not "challeng[e] a 'discretionary judgment,'" so this provision does not proscribe judicial review. Jennings, 583 U.S. at 295.

Respondents also point to a second jurisdiction-limiting statutory provision, 8 U.S.C. § 1252(a)(2)(B)(ii). See ECF No. 13, at 6. But here again, since Petitioner challenges "the government's authority under § 1226(a) rather than a discretionary decision," this provision likewise "does not foreclose jurisdiction." Miranda, 34 F.4th at 353 n.6; see also Ramos, 2026 WL 1747870, at *4 (rejecting a similar argument because "federal immigration officials do not have discretion as to whether to comply with the Fifth Amendment").

Nevertheless, another, non-statutory limitation does constrain the exercise of jurisdiction here: The Court lacks jurisdiction to resolve claims Petitioner has no constitutional standing to bring. See, e.g., United States v. Texas, 599 U.S. 670, 684-85 (2023); cf. Miranda, 34 F.4th at 353 n.6 ("We ordinarily limit our review to the arguments made by the parties. However, we are bound by the Constitution to ensure that we have, and the lower court had, jurisdiction over the claims at issue.").

The "three elements" that together form the "irreducible constitutional minimum of standing" are (1) an injury in fact; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be 'redressed by a favorable decision.'" Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). Petitioner falls short of satisfying the second and third of these elements.

According to Petitioner, he was denied bond "based upon the fact that [he] had previously lost his immigration merits hearing," "remained in proceedings before the [BIA]," and lacked "lawful immigration status." ECF No. 11, at 4-6. In Petitioner's view, it is unconstitutional to treat such "procedural" facts as "sufficient to establish" flight risk; if they are treated as such, Petitioner warns, every noncitizen detained under § 1226(a) "would automatically qualify for continued detention." Id.

This argument echoes certain "BIA precedents" holding that "factors unique to each alien must be evaluated in determining suitability for release." Ramos, 2026 WL 1747870, at *5 (quoting In re Helia de la Cruz-Palencia, 2011 WL 2261251, at *1 (BIA May 13, 2011) (unpublished)). Other judges of this Court have also emphasized the constitutional necessity of individualized bond determinations. See, e.g., id.; Mendez Trigueros v. Guadian, No. 1:26cv205, 2026 WL 2321978, at *4 (E.D. Va. Feb. 18, 2026). And in ordering that Petitioner be afforded a bond hearing, this Court too noted that "Petitioner [wa]s entitled to," among other things, a "ruling premised on his own case-specific circumstances." ECF No. 8, at 5-6 (citation omitted).

But even assuming that an IJ could not constitutionally rely solely on the abovementioned "procedural facts" in reaching a detention determination, the Court cannot find that the IJ did so in Petitioner's case. The audio recording of the bond hearing

filed by Respondents demonstrates that, although the IJ did weigh Petitioner's immigration status and his prior adverse immigration decision as relevant factors "in determining whether bond [wa]s warranted and under what conditions," the IJ did not appear to treat either factor as independently sufficient grounds for Petitioner's continued detention. Miranda, 34 F.4th at 362 & n.10. Instead, the audio recording of the bond hearing supports Respondents' assertion that the IJ also based his determination on other "specific evidence in the record," including Petitioner's failure to pay taxes owed; his receipt of Medicaid for his children despite his ineligibility, given his income; his employment of aliens who lacked work authorization; and his recent move. See ECF No. 13, at 2.

The Court thus has no occasion to decide whether or not a "denial based upon the existence of an adverse immigration ruling and a pending appeal" alone, ECF No. 11, at 7, would have deprived Petitioner of the process he was due. Petitioner's injury — his ongoing detention — is not fairly traceable to the kind of exclusive reliance on such factors that Petitioner's motion challenges, Lujan, 504 U.S. at 560, and a ruling that such exclusive reliance would be unconstitutional would not justify setting aside the IJ's bond determination in this specific case. See Berry v. Commonwealth of Virginia, No. 1:19cv1535, 2021 WL 3376824, at *4 (E.D. Va. Aug. 2, 2021) (concluding that a habeas

petitioner "lack[ed] standing to raise his constitutional challenge" because prevailing on that challenge "would not undermine the validity of petitioner's convictions"). Accordingly, Petitioner's constitutional challenge to bond "denial based upon the existence of an adverse immigration ruling and a pending appeal" is **DISMISSED**.

Petitioner's motion might also be construed to argue that any consideration by the IJ of his immigration status or adjudicatory history was unconstitutional, even if the IJ also considered other factors in reaching his determination. See, e.g., ECF No. 11, at 4 (arguing that an adverse immigration ruling and ongoing BIA proceedings "do not constitute evidence of flight risk"); id. at 6 ("An immigration status shared by virtually every detainee . . . cannot itself constitute evidence that a particular individual is likely to abscond."). The statutory provisions noted above do not preclude this Court from resolving this claim, Miranda, 34 F.4th at 353, and Petitioner has standing to raise it because the IJ did consider Petitioner's immigration status and adjudicatory history in denying bond. But Fourth Circuit precedent indicates that IJs may consider factors like "the alien's history of immigration violations," "any attempts by the alien to flee prosecution or otherwise escape from authorities," and "the alien's manner of entry to the United States" as part of the "non-exhaustive, but flexible menu of considerations" that guides an

IJ's bond determinations. Id. at 362-63 & n.10. Petitioner's claim, construed in this way, is therefore **DENIED**.

### C. Conclusion

For the foregoing reasons, Petitioner's "Emergency Motion to Enforce Habeas Order" is **DISMISSED** in part and **DENIED** in part. ECF No. 11.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Order to Petitioner and to counsel for Respondents.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 2, 2026